UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1780 |
| | ) | |
| v. | ) | Judge David H. Coar |
| | ) | |
| $135,000 IN U.S. CURRENCY | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR STAY OF CIVIL FORFEITURE PROCEEDINGS**

The United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, moves that this court enter an order to stay this civil forfeiture proceeding. In support of this motion, the United States of America states as follows:

1.  On November 28, 2007, the United States filed a verified complaint for forfeiture against the above captioned property (*United States v. $135,000 U.S. Currency, H-08 C 364,* SD of TX). Therein, the United States alleged that the defendant funds were used or intended to be used in exchange for a controlled substance, or were used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq*., and are therefore subject to forfeiture and condemnation pursuant to 21 U.S.C. § 881(a)(6).

2.  On March 11, 2008, Robert Walston filed a Verified Claim of Ownership as to the funds in the amount of $135,000.

3.  On March 18, 2008, the Court entered an order transferring this case to the Northern District of Illinois because some of the acts giving rise to the forfeiture occurred in or around

Chicago, Illinois, and there is a related ongoing criminal investigation in the Northern District of Illinois.

4. Claimant Robert Walston is one of the subjects of this investigation.

5. 18 U.S.C. § 981(g), as incorporated by 21 U.S.C. § 881(i), provides for the stay of a civil forfeiture case pending the conclusion of a criminal investigation or trial. Specifically, Section 981(g)(1) provides in pertinent part:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the government to conduct a related criminal investigation or the prosecution of a related criminal case.

6. A stay is necessary to protect the United States' criminal investigation from the expansive scope of civil discovery. See, *United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359*, 456 F. Supp. 2d 64, 64-65 (D.D.C. 2006). Furthermore, civil discovery could compromise confidential law enforcement information, as well as provide improper opportunities for the claimants to prematurely ascertain the details of the ongoing criminal proceeding by earlier and broader civil discovery than would otherwise be possible in the context of the criminal proceedings. See, *United States v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005). If proceeding with a civil case will interfere with a related criminal investigation the Court must grant the stay. See, *United States v. Real Property and Improvements Located at 10 Table Bluff Road*, 2007 WL 911849 at *2 (N.D. Cal. 2007).

WHEREFORE, the United States respectfully requests the stay of this civil forfeiture proceeding pending the resolution of the related criminal investigation. A draft order is submitted herewith.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Stephen D. Andersson
STEPHEN D. ANDERSSON
Assistant United States Attorney
219 S. Dearborn, Room 500
Chicago, Illinois 60604
(312) 353-5300

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**MOTION FOR STAY OF CIVIL FORFEITURE PROCEEDINGS**

was served on April 8, 2008, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.


By: s/ Stephen D. Andersson
STEPHEN D. ANDERSSON
Assistant United States Attorney
219 S. Dearborn Street, Room 500
Chicago, Illinois 60604
(312) 353-5300