**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08-C-1780 |
| | ) | |
| $135,000.00 U.S. CURRENCY, | ) | Judge David H. Coar |
| | ) | |
| Defendant. | ) | |

**CLAIMANT'S OBJECTION TO MOTION FOR STAY OF CIVIL FORFEITURE PROCEEDINGS OR IN THE ALTERNATIVE**

Now comes Claimant, ROBERT WALSTON, by his attorney GEORGE E. BECKER and files the following objection to the Government's motion to stay civil forfeiture proceedings or in the alternative requests this Court to:

**STATEMENT OF FACTS**

1. In late May or early June of 2007 the Claimant had his motor vehicle stopped without a warrant in Houston, Texas. The vehicle had a valid license and registration. No traffic citations were written for any violations. The seizing officers did not have an arrest warrant for Claimant or a search warrant for the vehicle. Without permission officers searched the trunk of the vehicle and removed $135,000.00 U.S.C.

2. On August 1, 2007 the United States Customs and Border Protection issued a notice to Claimant that the money was seized for forfeiture pursuant to Title 18 U.S.C. Section 981/195 because it was associated with alien smuggling. On August 28, 2007 the Claimant filed a seized asset claim form.

3. On November 28, 2007, under seal, the United States filed a complaint for civil forfeiture in rem, which is the subject of the instant proceedings. The complaint alleges the

$135,000.00 U.S.C. is subject to forfeiture as drug proceeds, currency used or intended to be used in exchange for a controlled substance or was currency used to facilitate a violation of the Controlled Substance Act.

4. This matter was transferred from the United States District Court for the Southern District of Texas to this District. The government has now moved this Court to enter a stay order alleging that some of the acts giving rise to forfeiture occurred in or around Chicago and there is an ongoing investigation.

## LEGAL ARGUMENT

Upon a motion of the United States the Court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case. 18 U.S.C. Sec. 981 (g)(1). The terms "related criminal case" and "related criminal investigation" as used in the statute, means an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is related to a civil forfeiture proceeding, the court shall consider the degree of similarity between parties, witnesses, facts and circumstances involved in the two proceedings.

It is well settled that district courts have the inherent power, in the exercise of discretion, to issue a stay when the interests of justice require such action. However, the Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings. Admiral Ins. Co. v. Fed. Sec. Inc., No. 94 C 5649, 1997 WL695722 at *2 (N.D. Ill. Nov. 4, 1997) (Citing SEC v. Dresser Indus. Inc, 628 F.2d 1368, 1375 (D.C. Circ 1980).

In deciding whether to stay civil proceedings where a similar criminal action is brought before the completion of the civil proceedings, a court may consider a variety of factors, such as: (a) the interests of plaintiff in proceeding expeditiously with the litigation or any particular aspect of it and the potential prejudice to plaintiff of a delay; (b) the burden which any particular aspect of the proceedings may impose on a defendant; (c) the convenience of the court in the management of its cases and the efficient use of judicial resources; (d) the interests of persons not parties to the civil litigation; and (e) the interest of the public in the pending civil and criminal litigations. Benevolence International Foundation Inc. v. Ashcraft, 200 F.Supp.2d 935 N.D. Ill.2002) citing Admiral Ins. Co. v. Fed. Sec. Inc., 1997 WL695727.

In the U.S. v. All Funds on Deposit in Suntrust Acct. Numberxxxxxxxxx8359 case cited by the government, the Court noted that the government must make an actual showing that civil discovery will adversely affect the investigation or prosecution of a criminal case. Citing U.S. v. GAF Financial Servs. Inc., 335 F.Supp2d 1371, 1373 (S.D. Fla. 2004) A motion for a stay was denied where the government did not show civil discovery would adversely affect its criminal investigation. U.S. v. All Funds ($357,311.68) Contained in N. Trust Bank of Fla. Account No. 04-1476, 2004 WL1834589 at *3-4 (N.D. Tex. August 10, 2004)

The government in this case has simply stated it is conducting a grand jury investigation. It has not filed with the court any specifics of its investigation. The trial court has the option of determining if a stay is unnecessary or if it could enter an order limiting discovery which would protect the interests of one party without unfairly limiting the ability of the opposing party to pursue the civil case. 18 U.S.C. Sec. 981(g)(3). See U.S. v. Real Property & Improvements Located at 10 Table Bluff Road, Loleta, CA, 2007 WL911849 (N.D. Cal. 2007)

This is a case involving a warrantless search of a motor vehicle and a warrantless seizure of money which originally was alleged to be seized for involvement in alien smuggling. The government changed its theory 4 months later and alleged in the complaint that the money was going to be used to purchase drugs in Houston. The government now claims to have an investigation of Claimant and unknown others in the Northern District of Illinois and that acts giving rise to the forfeiture occurred in or around Chicago, Illinois. This conflicts with the allegations of the complaint and the previous notice given to Claimant as to the alleged basis for the seizure of the money.

## **CONCLUSION**

Absent the government providing additional details as to the request for the stay the Claimant requests this Court deny the stay. In the alternative, the Claimant requests this Court allow the matter to proceed with the imposition of a protective order.

> Respectfully submitted,
>
> s/George E. Becker
> George E. Becker
> Attorney for Claimant Robert Walston

GEORGE E. BECKER
GEORGE E. BECKER, P.C.
33 N. LaSalle Street – Suite 3300
Chicago, Illinois 60602
(312) 236-2803

4