UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1780 |
| | ) | |
| v. | ) | Judge David H. Coar |
| | ) | |
| $135,000 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR RECONSIDERATION OF THIS
COURT'S ORDER OF EVIDENTIARY HEARING**

COMES NOW the United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, and respectfully requests that this Court 1) reconsider its order of April 15, 2008, ordering an evidentiary hearing in this case, and 2) enter an order staying the civil forfeiture proceeding. In support of this motion for reconsideration, the United States of America respectfully states as follows:

1.　Title 18, United States Code, Section 981(g)(1), as incorporated by 21 U.S.C. § 881(I), provides:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

2.　As the United States already has represented, Claimant Robert Watson is the subject of an ongoing grand jury investigation regarding Claimant's participation in a conspiracy to possess cocaine with intent to distribute, in violation of 18 U.S.C. § 846, and other related crimes.

3.   Pursuant to 18 U.S.C. § 981(g)(5), which provides that the United States may "submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial," the United States separately has submitted evidence *ex parte* setting forth a fuller account of the nature and extent of this ongoing investigation. Courts consistently have held that the United States can demonstrate the impact of civil discovery on a related criminal investigation by submitting *ex parte* affidavits. *See United States v. $1,730,010.00 in U.S. Currency*, 2007 WL 1164104, at *3 (W.D. Tex. 2007) (use of sealed affidavit by FBI agent); *United States v. Real Property and Improvements Located at 10 Table Bluff Road,* 2007 WL 911849*, *2 (N.D. Cal. 2007) ("the plain language of the statute allows the Government to submit such ex parte evidence"); United States v. GAF Financial Services, Inc.*, 335 F.Supp.2d 1371, 1373 n.2 (S.D. Fla. 2004) (United States can meet its burden of showing that civil discovery will have an adverse impact on a related criminal investigation by submitting an *ex parte* affidavit to the court).

As the United States' *ex parte* filing demonstrates, this is an extensive investigation, which has and continues to focus solely upon the targets' conspiracy to possess cocaine with intent to distribute, and attendant crimes, and has had nothing whatsoever to do with illegal alien smuggling. Attached hereto as Exhibit B is an affidavit of John Sanders, the author of the August 1, 2007 letter (attached hereto as Exhibit A) that stated that the $135,000 was seized "because it was associated with alien smuggling." In his affidavit, Mr. Sanders acknowledges that his letter was in error and that the money had no association with alien smuggling. Mr. Sanders reports that the documents from Houston Immigration and Customs Enforcement (ICE) Special Agent Mark Stewart on which he relied in preparing this letter stated that the "$135,000 [was] associated with cocaine trafficking and money laundering, and this is what the letter should have reported."

The United States respectfully suggests that since this is Mr. Sanders' only personal knowledge of the case, and his explanation for his August 1, 2007 is that it was an administrative error, no hearing is necessary. His affidavit, along with that of Special Agent Babcock (Exhibit A of the *ex parte* filing), establish that there was no alien smuggling in this case, and the August 1, 2007 letter was an administrative error that did not correctly reflect the facts of the case.

4. In preparation for the May 2, 2008 hearing, the Court has ordered the United States to make available to defense counsel reports as to the stop and seizure. In the *ex parte* filing, the United States has presented the Court with the entirety of the only report documenting this stop and seizure (Exhibit B of the *ex parte* filing). But this report contains far more than a mere report of the June 16, 2007 stop and seizure. For this reason, the United States would provide defense counsel with the redacted portion also provided the Court (Exhibit C of the *ex parte* filing). A comparison of these two documents demonstrates how much more there is to this case and investigation, even on June 16, 2007 alone, than the mere stop and seizure.

5. The full report and affidavit provided the court *ex parte* also demonstrate that there was probable cause to stop and search the vehicle in which the $135,000 was found; that makes moot the question of whether, *arguendo*, the stop was without basis in a traffic violation and the search was without consent. The pretextual stop and search based on the failure to signal lane change is irrelevant here, because (in light of the fact that the evidence demonstrated that there was probable cause to believe that the vehicle contained evidence of illegal activity) the officer making the stop had probable cause to believe that the vehicle contained evidence of criminal activity and to stop and search the vehicle.

There is no requirement that law enforcement agents obtain a warrant to search an automobile if there is probable cause to believe that the automobile contains contraband or evidence of criminal activity. *See United States v. Ross*, 456 U.S. 798, 804-09 (1982); *see also Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (no warrant necessary to search car where police had probable cause to believe it contained contraband); *Chambers v. Maroney*, 399 U.S. 42, 46-47 (1970) (same); *Carroll v. United States*, 267 U.S. 132, 160-62 (1925) (same); *United States v. Hines,* 449 F.3d 808, 814-15 (7th Cir. 2006) (same). As the evidence in the *ex parte* application demonstrates, the officer who conducted the June 16, 2007 stop and search had sufficient probable cause to stop and search Claimant's vehicle, even in the absence of the vehicle's traffic violation, because there was probable cause that the vehicle contained evidence of criminal activity.[1] Therefore, the United States respectfully submits that there is no reason to hold a hearing on the limited point of the individual officer's stop and search, when the *ex parte* application abundantly demonstrates that there was probable cause for the stop and search, regardless of the question of the traffic violation and consent.

6.　　But at this early stage to demonstrate the full basis for the officer's probable cause in a hearing or through discovery would, in the words of 18 U.S.C. § 981(g)(1), "adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."

---

[1] It was not necessary for the officer making the stop to have been involved in the previous investigation; the knowledge of the investigative officers is imputed to him. *See United States v. Hensley*, 469 U.S. 221, 232 (1985 (collective knowledge doctrine); *United States v. Reynolds*, 488 F.3d 756, 768 n.7 (7th Cir. 2007) ("Under the collective knowledge doctrine, the knowledge of one police offer is imputed to other officers when they are in communication regarding a suspect."); *United States v. Sawyer*, 224 F.3d 675, 680 (7th Cir. 2000) (same).

First, it potentially would compromise the identities of confidential informants, and potential or actual cooperating witnesses. *See United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359,* 456 F.Supp.2d 64, 64-65 (D.D.C. 2006) (stay must be granted if Claimant's discovery requests "could compromise any existing confidential informants and/or interfere with the Government's ability to obtain confidential information from others"); *United States v. All Funds on Deposit in Business Marketing Account*, 319 F.Supp. 2d 290, 294 (E.D.N.Y. 2004 (once the court is satisfied that routine civil discovery would compromise the identities of confidential informants and cooperating witnesses, stay of the civil case is mandatory under § 981(g)). There are confidential informants in this case, and witnesses will be interviewed and subpoenaed to testify before the grand jury. Any premature disclosure of their identities has the potential to affect both their decision to cooperate and their testimony (for starters, the surprise element of any attempt by the United States to interview currently non-cooperating witnesses would be spoiled), and adversely affect the investigation.

Second, it would subject United States and defense witnesses to direct and cross-examination, potentially disclosing the United States' strategy and adversely affecting both the ongoing criminal investigation and future prosecution. *See United States v. $247,052.54,* 2007 WL 2009799, at *2 (N.D. Cal. 2007) (stay must be granted even if it is the United States, not claimant, that is seeking the discovery that will impact the criminal case; United States' need to depose witnesses will expose them to cross-examination, exposing the United States' strategy for trial; the United States also needs testimony declarations from its agents "creating additional risks"). In this case, in order to prove its claim, the United States would need to make available for deposition several now unidentified witnesses and agents, creating substantial "additional risks" as noted in

*$247,052.54*. Further, specific questions, and lines of questions asked witnesses, could disclose to Claimant the United States' strategies and theory of the case.

Third, a parallel civil proceeding during the course of an ongoing grand jury proceeding could violate both the spirit and letter of grand jury secrecy as set forth in Fed.R.Crim.P. 6(e). The deposing of witnesses and discovery of documents while the grand jury was concurrently gathering evidence could result in discovery of the grand jury's process, thus violating its secrecy and interfering with and adversely affecting its work.

Finally, and most fundamentally, it would subject the United States to broad and early civil discovery, far broader and earlier than that allowed by Fed.R.Crim.P. 16. *See United States v. Approximately* $659,999.83, 2008 WL 794538, at *6 (E.D. Wis. 2008) (stay granted where "government states that there is an ongoing criminal investigation involving the claimant and that civil discovery will adversely affect the government's ability to conduct this investigation and potentially prosecute any criminal case that may be brought against the claimant"); *Real Property Located at 10 Table Bluff Road*, 2007 WL 911849, at *2 (stay must be granted if civil discovery will subject the "Government's criminal investigation to broader and earlier discovery then would occur in a criminal case;" if the required showing is made, "the Court is obligated by the plain language of the statute to grant the Government's request for a stay"); *United States v. Contents of Nationwide Life Ins. Annuity Account*, 2007 WL 682530, at *1 (S.D. Ohio 2007) (the purpose of stay is to prevent the claimant from using the civil proceeding as a "back door method to obtain discovery outside the scope of Fed.R.Crim.P. 16"); *United States v. One Assortment of 73 Firearms*, 352 F.Supp.2d 2, 4 (D. Me. 2005) (United States satisfies its burden by showing civil discovery will subject the criminal investigation "to early and broader civil discovery than would otherwise be

possible in the context of the criminal proceeding"); *United States v. All Funds Deposited in Account No. 200008524845*, 162 F.Supp.2d 1325, 1330-32 (D. Wyo. 2001) (new version of § 981(g) is broader than the old; it permits entry of stay, based on the United States' *ex parte* application, in order to prevent interference with a criminal investigation; stay granted where civil discovery "has a substantial potential of interfering" with the ongoing criminal investigation). In this case, civil discovery would subject the United States to discovery far broader than Claimant would be entitled in a criminal case, creating a multitude of potential problems, both seen and unseen, for the United States' investigation and subsequent prosecution. For example, the stop and seizure report now subject to this Court's discovery order would not be disclosed to Claimant until sometime very close to his trial under criminal discovery practice. With this information, the Claimant would be able to take action that could interfere with and misdirect the investigation's gathering of documents, witnesses, and other evidence. Again, in civil discovery, the Claimant would be able to depose witnesses who he otherwise would not be able to depose in a criminal case, giving him advantages and rights to which he would not be entitled in a criminal case. Finally, in civil discovery, targets of the criminal investigation other than Walston would be identified, thus raising the possibility that they could flee or take other action to avoid or defeat prosecution. This is but a sampling of the potential problems for the United States' investigation and prosecution created by civil discovery prior to the criminal proceeding.

7.　　As set forth in the *ex parte* filing, the criminal investigation of Claimant and others is ongoing. It is for the type of situation for which 18 U.S.C. § 881(g) was enacted, and its language directs that "the court *shall* stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect (emphasis added)" a criminal investigation or prosecution. The

United States respectfully suggests that, in this case, the premature exposure of United States witnesses, documents, and other evidence will adversely affect both the United States' ongoing grand jury investigation and the future prosecution of this criminal conduct.

WHEREFORE, the United States respectfully requests that this honorable Court reconsider its order of a hearing on May 2, 2008, and order the stay of this civil forfeiture proceeding pending the resolution of the related criminal investigation.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney


By:   /s/ Stephen D. Andersson
      STEPHEN D. ANDERSSON
      Assistant United States Attorney
      219 S. Dearborn, Room 4050
      Chicago, Illinois 60604
      312.353.5300

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER OF EVIDENTIARY HEARING**

was served on April 23, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney


By:    /s/Stephen D. Andersson
        STEPHEN D. ANDERSSON
        Assistant United States Attorney
        (312) 353-5372

# EXHIBIT A

2350 N Sam Houston Pkwy E, Suite 1000
Houston, TX 77032



U.S. Customs and
Border Protection

ENF-4-H:FPF CAJ
CN: 2007-5301-000172

CERTIFIED MAIL 7006 0810 0004 6231 5874

AUG 0 1 2007

Robert Walston
4922 South Kostner
Chicago, IL 60632

Dear Sir or Madam:

This is to officially notify you that the U. S. Customs and Border Protection seized the property described below at Houston, Texas on June, 2007.

One Hundred Thirty-Five Thousand ($135,000.00 U.S. Currency).

The property was seized and is subject to forfeiture under the provisions of title 18, United States Code, section 981/1956 because it was associated with alien smuggling.

The facts available to Customs indicate that you might have an interest in the seized property. The purpose of this letter is to advise you of the legal options available to you concerning this seizure. Important documents are attached to this letter. Please do not ignore them. Those documents are an "Election of Proceedings" form and a "Seized Asset Claim Form". You MUST check Box 1 or 3 and return the "Election of Proceedings" form if you wish to contest the forfeiture of the seized property. You may need to complete the "Seized Asset Claim Form", depending on how you complete the "Election of Proceedings" form.

Your legal options are as follows:

1. You may file a petition for relief from the seizure within 30 days from the date of this letter. The provisions of title 19, United States Code, section 1618, and Part 171 of the Customs Regulations (19 CFR Part 171) allow you to do this. The petition need not be in any specific form, but it should include all the facts which you believe warrant relief from forfeiture. All petitions should be filed in duplicate and addressed to U. S. Customs and Border Protection, Attn: Fines, Penalties & Forfeitures, 2350 North Sam Houston Parkway East, Suite 1030, Houston, Texas 77032. If you choose this option, you must check Box 1 on the "Election of Proceedings" form.

2. You may file an offer in compromise within 30 days from the date of this letter. The provisions of title 19, United States Code, section 1617, allow you to do this. The offer must specifically indicate that you are making it under the provisions of title 19, United States Code, section 1617. If you are offering money in settlement of the case, you must include a cashier's check in the amount of your offer. Customs may ONLY consider the amount of your offer and will return the full offer if it is rejected. This option may serve to delay the case. If you choose this option, you must check Box 1 on the "Election of Proceedings" form.

3. You may submit an offer to pay the full appraised domestic value of the seized property accompanied by that full payment or an irrevocable letter of credit. The provisions of title 19, United States Code, section 1614, and title 19, Code of Federal Regulations, section 162.44,

**EXHIBIT A**

allow you to do this. If Customs accepts your offer, the property will be immediately released and the payment or letter of credit will be substituted for the seized property. You may still submit a petition or offer in compromise as described above.

4. You may choose to do nothing. If you take no action, Customs will seek to forfeit the property. Customs will immediately commence administrative forfeiture proceedings under the legal authority of title 19, United States Code (USC), section 1607, and title 19, Code of Federal Regulations (CFR), Part 162. In order to obtain administrative forfeiture, Customs must publish a notice of seizure and intent to forfeit at the Customhouse for three consecutive weeks. Customs will commence such publication on (date). You may request that this office publish the first notice sooner than the date above.

5. You may abandon the property. If you choose this option, please check Box 2 and sign and return the "Election of Proceedings" form.

6. You may choose to file a claim and have that claim referred to the United States Attorney for the commencement of a court forfeiture action. If you choose this option YOU MUST CHECK BOX 3 ON THE "ELECTION OF PROCEEDINGS" FORM AND YOU MUST FULLY COMPLETE THE ATTACHED "SEIZED ASSET CLAIM FORM." If you choose to file a claim directly in response to this letter, you must do so within 35 days of the date of this letter.

If you are a holder of a lien or security interest and you do not file a claim, you may avail yourself of any of the other options listed above, but no relief will be granted to you until after forfeiture unless your petition, offer or request is accompanied by an agreement to hold the United States, its officers and employees harmless, and a release from the registered owner and/or the person from whom the property was seized.

No matter which box you check on the "Election of Proceedings" form, you must also sign and return the form along with your petition, offer, or claim.

If you have any questions regarding this matter, please contact Paralegal Specialist Cathy Jordan at (281) 985-6723.

Sincerely,

*[signature]*

John Sanders
FP&F Officer
Port of Houston

2350 N Sam Houston Pkwy E, Suite 1000
Houston, TX 77032

 **U.S. Customs and Border Protection**

ELECTION OF PROCEEDINGS
CAFRA FORM AF

**NOTE: THIS FORM MUST BE COMPLETED AND RETURNED WITH YOUR PETITION OR OFFER. IF YOU DO NOT COMPLETE AND RETURN THIS FORM, CUSTOMS SHALL PROCEED TO FORFEIT THE PROPERTY ADMINISTRATIVELY, REGARDLESS OF WHETHER YOU FILE A PETITION OR OFFER.**

TO: CUSTOMS FINES, PENALTIES AND FORFEITURES OFFICER:

I understand that property in which I have an interest has been seized by the U.S. Customs Service under Case No. 2007-5301-000172.

Check ONLY ONE (1) of the following choices:

**1. [ ] I REQUEST THAT THE CUSTOMS SERVICE DELAY FORFEITURE PROCEEDINGS AND CONSIDER MY PETITION OR OFFER ADMINISTRATIVELY.** My petition or offer is attached. By making this request, I understand that I am giving up my right for the immediate commencement of administrative forfeiture proceedings, as provided under title 19, United States Code (USC), section 1607 and title 19, Code of Federal Regulations (CFR), Part 162. If administrative forfeiture has begun, it will be stopped until my petition or offer is considered. However, I understand that *at any time* I can request, in writing, that Customs begin administrative forfeiture proceedings and Customs will continue to consider my petition or offer. I also understand that *at any time* I can file a claim with Customs (as described in Box 3 below) and Customs consideration of my petition or offer will stop and the case will be sent to the U.S. Attorney for court action.

**2. [ ] I ABANDON THE PROPERTY AND I REQUEST THAT THE CUSTOMS SERVICE BEGIN ADMINISTRATIVE PROCEEDINGS TO FORFEIT THE PROPERTY. Please immediately begin publication of the notice of seizure and intent to forfeit.** I abandon any claim or interest in the property.

**3. [ ] I REQUEST THAT THE CUSTOMS SERVICE SEND MY CASE FOR COURT ACTION.** Please immediately send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a SEIZED ASSET CLAIM FORM as required by law. I understand that if I have not fully completed this form, Customs will treat my submission as a petition for relief under Box 1 described above.

_____    _____
Signature                       Date

_____
Printed Name

2350 N Sam Houston Pkwy E, Suite 1000
Houston, TX 77032



U.S. Customs and
Border Protection

UNITED STATES CUSTOMS SERVICE

## SEIZED ASSET CLAIM FORM

Name:_____   Seizure No. 2007-5301-000172

Address:_____

_____   (IMPORTANT: BE SURE TO

Telephone No: (\_\_\_\_)_____   COMPLETE ALL PARTS BELOW)

As authorized by 18 USC 983(a)(2)(A), I request that the Government file a complaint for forfeiture on the seized property described below:

PART I

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, aircraft tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

PART II

State your interest in each item of property listed above. Attach additional sheets of paper if more space is needed.

PART III (ATTESTATION AND OATH)

I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief.

_____   _____

Name (Print)                                                                  Date

_____

Signature

**A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. 1001 AND/OR 1621 AND IS PUNISHABLE NE AND UP TO FIVE YEARS IMPRISONMENT.**

# CURRENCY HELPFUL HINTS

YOU ARE REQUIRED TO DEMONSTRATE THAT THE CURRENCY YOU WERE TRANSPORTING WAS DERIVED FROM LEGAL SOURCES, AND THAT ITS INTENDED USE WAS LEGITIMATE.

PLEASE NOTE; DO NOT SUBMIT ORIGINAL DOCUMENTS. COPIES OF DOCUMENTS YOU SHOULD INCLUDE ARE:

BANK RECORDS

BANK WITHDRAWAL SLIPS

TAX RETURNS

W-2 DOCUMENTS

EMPLOYER TAX SLIPS

BUSINESS DOCUMENTS IDENTIFYING THE TYPES OF TRANSACTIONS THE CURRENCY WAS INTENDED FOR; AND

ANY OTHER DOCUMENT RELATING TO THE SOURCE AND USE OF THE CURRENCY.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Robert W* ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>                                    8·7·07 |
| 1. Article Addressed to:<br><br>Robert Walston<br>4922 South Kostner<br>Chicago, IL 60632<br>7-1-000172 CAJ | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>  ☑ Certified Mail   ☐ Express Mail<br>  ☐ Registered      ☐ Return Receipt for Merchandise<br>  ☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>   (Transfer from service label) | 7006 0810 0004 6231 5874 |

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-154

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1780 |
| | ) | |
| v. | ) | Judge David H. Coar |
| | ) | |
| $135,000 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT

John Sanders, your Affiant, being duly sworn, deposes and states as follows:

1. Between September 1991 and my retirement on January 3, 2008, I was the FP&F (Fine, Penalties, and Forfeitures) officer for the Department of Homeland Security, U.S. Customs and Border Protection (CBP), Port of Houston, Texas.

2. In this capacity, one of my responsibilities was to sign and cause to be mailed seizure notices to potential claimants. I did not personally prepare these letters, but did review the case file documents prior to signing them. The letters were prepared for my signature by my Paralegal Specialists, based on information in documents receive from the seizing Immigration and Customs Enforcement (ICE) agents.

3. In preparation for this affidavit, I have reviewed the documents relative to this case, including the letter of August 1, 2007, which I signed and caused to be sent to Robert Walston, 4922 South Kostner, Chicago, IL 60632. These records show that the Houston ICE Special Agent and the seizing agent on the case, Mark Stewart, reported the $135,000 as having been associated with

**EXHIBIT B**

cocaine trafficking and money laundering, and this is what the letter should have reported. Therefore, the August 1, 2007 letter's statement that the $135,000 was "associated with alien smuggling" was a typographical error I should have corrected prior to signing .

FURTHER YOUR AFFIANT SAYETH NOT.

DATED this 23rd day of April, 2008.

JOHN SANDERS

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS 23RD DAY OF APRIL 2008.

NOTARY PUBLIC'S SIGNATURE: STEVEN C. RAMIREZ

MY COMMISSION EXPIRES ON: APRIL 11, 2009

2