UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08-C-1780 |
| | ) | |
| $135,000.00 U.S. CURRENCY, | ) | Judge David H. Coar |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO MOTION FOR
RECONSIDERATION OF COURT'S EVIDENTIARY HEARING**

Now comes Claimant, ROBERT WALSTON, by his attorney GEORGE E. BECKER and responds to the Government's motion for reconsideration of this Court's April 15, 2008 setting of this matter for evidentiary hearing.

**Statement of Facts**

The government seized the money in this case pursuant to a traffic stop of Claimant's car approximately 10 months ago. On August 1, 2007 United States Customs and Boarder Protection issued to Claimant a notice that the subject money "was seized and is subject to forfeiture under the provisions of Title 18 U.S.C. Sec. 981/1956 because it was associated with alien smuggling." That notice sent certified mail gave Claimant 6 options, one of which was the filing of a claim within 35 days of the date of the letter. A claim was filed by Robert Walston on August 28, 2007 with Customs requesting the case be sent to the U.S. Attorney for court action. A complaint was filed on November 28, 2007 under seal and a summons and warrant for arrest were not issued until February 15, 2008. The complaint alleged the proceeds sought to be forfeited were monies that were intended to be used to purchase 80 kilograms of cocaine.

The government has moved to now stay the proceedings and this Court scheduled a hearing for May 2 regarding the stop and seizure of the money. This Court ordered the government to supply Claimant with the police reports regarding the seizure. The government has yet to provide any reports and has moved this Court for reconsideration of its order, which includes an ex parte filing.

## **Legal Argument**

The government in its pleadings admits that there was a pretextual traffic stop of Claimant's motor vehicle, yet argues that is irrelevant because there was probable cause to believe the vehicle contained evidence of illegal activity. The cases cited by the government are not on point because they involve instances of searches after the arrest of a defendant.

Admittedly, an officer involved in a stop need not be personally aware of all "specific and articuable" facts justifying an intrusion. It is sufficient that a law enforcement officer who is aware of such facts relay his or her reasonable suspicion to the officer effecting the stop, who may then rely on it. This "collective knowledge" concept was endorsed by the Supreme Court in United States v. Hensley, 469 U.S. 221, 232-33, 105 S. Ct. 675 (1985). In Hensley, police officers stopped his automobile in Kentucky based upon flyers issued by Ohio Police stating he was wanted for a felony. The officers had no personal knowledge of the evidence implicating Hensley. The Supreme Court held the stop permissible so long as the officers who issued the bulletin themselves had an adequate basis for effecting a stop. United States v. Nafzger, 974 F.2d 906 (7th Cir.1992)

The principle behind Hensley is that law enforcement officers in diverse jurisdictions must be allowed to rely on information relayed from officers and or law enforcement agencies in

different localities in order that they might coordinate their investigations, pool their information and apprehend fleeing suspects. Nafzger, supra.

The Fourth Amendment rights of a defendant are adequately protected by the requirement that the officers issuing the order or request have an adequate basis for doing so, such that if they were present at the scene, they could justifiably stop or arrest the suspect. Hensley, 469 U.S. at 233. By the same token, if the officers issuing the bulletin did not have a sufficient factual basis for requesting a stop or arrest then the fruits of the stop or arrest could be suppressed. Hensley 469 U.S. at 233.

The Hensley collective knowledge doctrine requires (1) that the officers effecting the stop act in reliance on the information received; (2) that the law enforcement officer providing the information had a reasonable suspicion to justify the stop; and (3) that the stop conducted was no more intrusive then would have been permissible for the officer requesting it. United States v. Wheeler, 800 F.2d 100, 103 (7th Cir.1986), the information actually possessed by the officers must be sufficient to justify the stop or arrest. United States v. Edwards, 885 F.2d 377, 382 (7th Cir.1989).

The government claims its ex parte filing establishes probable cause for the stop and search and that makes consent moot. There were no arrests made at the time of the stop and there were no warrants for the arrests of the occupants or a search and seizure of the vehicle. That is not the Hensley standard. The government is attempting to argue that a warrantless search and seizure is permissible, where there was no probable cause to arrest.

Moreover, civil forfeiture actions are now subject to the Civil Asset Forfeiture Reform Act of 2000 (CAFRA). Under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) 18 U.S.C. Sec. 983 (c)(1), the government must show by a preponderance of the evidence that the

present "res" is subject to forfeiture. Section 983 also requires that, in cases where the government theory of forfeiture is that the money to be forfeited was "used to commit or facilitate the commission of a criminal offense, the government must establish that there is a substantial connection between the property and the offense. United States v. Funds in the Amount of One Hundred Thousand and One Hundred and Twenty Dollars, 494 F.Supp.2d 960 (N.D. Ill.2007) citing United States v. Funds in the Amount of Thirty Thousand Six Hundred and Seventy Dollars ($30,670), 403 F.2d 448, 454 (7th Cir.2005)

The government now argues that is absolutely entitled to a stay. As cited in Claimant's original objection to the stay, this Court has a number of considerations including the interest of proceeding expeditiously, the burden the stay will impose on a party, the convenience of the court in the management of cases, the interests of persons not parties to the litigation and the interest of the public in a pending civil or criminal litigation. Benevolence International Foundation Inc. v. Ashcraft, 200 F.Supp.2d 935 (N.D.Ill.2002) The court also has authority to enter protective orders limiting discovery. U.S. v. Real Property and Improvements Located at 10 Table Bluff Road Loleta, CA, 2007 WL 911 849 (N.D.Cal.2007)

The government alleges there will be back door discovery or broad and early discovery in a criminal case. Apparently, the Office of the U.S. Attorney has decided Claimant will be indicted, absent the due process of a grand jury returning an indictment.

Federal Courts have jurisdiction to review whether the notice provided in an administrative forfeiture proceeding afforded a claimant constitutional due process. Garcia v. Meza, 235 F.3d 287, 290 (7th Cir.2000) If notice fails to comport with the requirements of due process the underlying forfeiture action is void. Garcia, 235 F.3d at 290. An elementary and fundamental requirement of due process in any proceeding is notice reasonably calculated, under

4

all circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present objections. <u>Garcia</u>, 235 F.3d at 290. Generally, written notice of forfeiture satisfies due process. <u>Garcia</u>, 235 F.3d at 290. Notice is at issue in this case.

The government's position in this case is one of utter disregard for due process. It first stops and seizes property on a pretext, without warrant of any kind. It then states that because an agent somewhere had knowledge of Claimant's alleged criminal activity, that knowledge is automatically imputed to the agent conducting the stop. It then sends out improper notice, which deceives Claimant into the reason behind the search of the car and seizure of his money. It then files a forfeiture action months later under seal; unseals the case some 60 days later and then requests a stay.

The actions of the government in this case require the matter to proceed and the Claimant should be allowed to take discovery. This Court should not accept a blanket assertion that 9 months ago an agent made a mistake after seizure of money. If knowledge of what other agents do is always imputed, it seems logical the Custom's agent's statement as to the reason for the seizure should also be imputed against the government.

At the present, the Claimant has not received a redacted or full report from the government. The Claimant requests this Court deny the stay, allow discovery and let the case progress forward.

Respectfully submitted,

s/George E. Becker
GEORGE E. BECKER
Attorney for Claimant Robert Walston
GEORGE E. BECKER, P.C.
33 N. LaSalle Street – Suite 3300
Chicago, Illinois 60602
(312) 236-2803

5